IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TABITHA ROBERTS-MILLS                                                    PLAINTIFF

V.                                    NO. 12-2012

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tabitha Roberts-Mills, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 21, 2009, due to "Back problems (herrington rods)." (Tr. 125, 129). An administrative hearing was held on April 15, 2010, at which Plaintiff appeared with counsel and she and her husband testified. (Tr. 35-49).

By written decision dated August 4, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe-scoliosis status post surgical implantation of Herrington rods. (Tr. 18). However, after reviewing all of

the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that the claimant is able to occasionally lift and carry 10 pounds and frequently less; she can sit for six hours and stand and walk for two hours during an eight-hour workday; she can frequently handle and finger with her dominant hand. She has no limitations in her non-dominant hand. She is able to frequently climb, balance, crawl, kneel, stoop and crouch.

(Tr. 19). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was capable of performing her past relevant work as a telemarketer. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 29, 2011. (Tr. 3-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff contends that the ALJ erred by not developing the record fully and completely, and by finding that Plaintiff could return to her past work. (Doc. 10).

**A. Failure to Fully Develop the Record:**

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir.

-4-

989).

Plaintiff contends that the ALJ erred by not asking Dr. Van Hoang to complete a medical source statement which would have specifically documented her limited ability to perform specific activities. The Court believes the record contained sufficient evidence for the ALJ to make an informed decision. Dr. Hoang found in his General Physical Examination, dated October 29, 2009, that Plaintiff had "moderate physical limitation for labor jobs." (Tr. 204). This is consistent with the physical RFC assessment performed by non-examining state agency consultant, Wheatley Beard, M.D., who concluded on November 9, 2009, that Plaintiff could perform sedentary work. (Tr. 208). Dr. Beard also found no postural, manipulative, visual, communicative, or environmental limitations were established. (Tr. 211).

While the physician at Sparks Family Medical suggested that Plaintiff have an MRI performed, the Court also notes that according to a Progress Note dated March 20, 2010, Plaintiff's gait and station, left lower extremity, right lower extremity, left upper extremity and right upper extremity were all normal. (Tr. 218).

Plaintiff contends she cannot afford treatment and that there is not any free medical care available to her. However, Plaintiff has not shown that she exhausted all of the possible alternatives to receiving treatment at a reduced rate or free of charge. See Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir. 1992)(holding that claimant's financial hardship was not severe enough to justify her failure to seek medical treatment when there was no evidence that she sought to obtain any low-cost medical treatment from her doctor or from clinics and hospitals or had been denied medical care because of her financial condition).

Finally, Plaintiff has not shown prejudice because she did not state how additional

examinations would have added to her case. See Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993).

Based upon the foregoing, the Court finds that there was sufficient evidence in the record for the ALJ to make an informed decision regarding Plaintiff's ability to function in the workplace and that Plaintiff's argument that he failed to fully and fairly develop the record is without merit..

**B. Return to Past Relevant Work (RFC):**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ considered not only the objective medical evidence, but also considered statements from treating and examining physicians in assessing Plaintiff's RFC. (Tr. 20). He gave Dr. Hoang's opinion "significant weight" as that of an examining source and found that his

RFC assessment was consistent with Dr. Hoang's opinion that Plaintiff had "moderate physical limitation for labor jobs." (Tr. 20, 204). The ALJ also noted that there was limited medical evidence to document Plaintiff's debilitating back, in that she had not received the type and frequency of care one would expect with a disabling impairment. (Tr. 20). Failure to seek regular treatment or obtain pain medication has been found to be inconsistent with complaints of disabling pain. Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996), citing Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987). The ALJ took into consideration the moderate limitations imposed by Dr. Hoang, and concluded that Plaintiff would be able to perform a range of sedentary work, notwithstanding her prior scoliosis surgery and residual pain. (Tr. 20). The Court believes the evidence as a whole supports the fact that Plaintiff would be able to do sedentary work. With respect to Plaintiff's migraine headaches, there is an absence of objective evidence regarding headaches in the record. Furthermore, Plaintiff did not allege that migraines were a disabling impairment in her application documents, which is significant, even if the evidence of such was later developed. Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001).

With respect to Plaintiff ability to use her hands and fingers due to her diagnosed paresthesias in her right arm and leg, the Court believes that the ALJ accounted for Plaintiff's paresthesias in her right arm and leg by limiting Plaintiff to only frequent fingering and handling with her dominant hand. Additionally, Plaintiff failed to allege paresthesias affected her ability to work.

Based upon the foregoing, the Court finds that there is substantial evidence to support the ALJ's RFC findings.

**C.    Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 19-20).  The ALJ considered Plaintiff's testimony and her boyfriend's testimony regarding Plaintiff's daily activities and the fact that her boyfriend, who lives with Plaintiff and their two young children, helped her with the children and housework. (Tr. 20).  He also considered the fact that there was limited medical evidence to document Plaintiff's debilitating back pain.  With respect to medications, in a Disability Report - Appeal dated December 4, 2009, Plaintiff reported that she could not afford prescription medications. (Tr. 162).  In a Disability Report - Appeal dated January 6, 2010, Plaintiff reported she was taking Cyclobenvapor for muscle relaxer and Naproxin for anti-inflammatory. (Tr. 169). In an undated Recent Medical Treatment form, Plaintiff reported that she was taking Flexeril for

muscles and Naproxin for inflammation. (Tr. 178). She reported that she had been prescribed pain pills, but did not like "being drugged all the time." (Tr. 178). The ALJ may discount a claimant's subjective complaints of pain based upon the claimant's failure to pursue regular medical treatment, and failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits. See Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995)(per curiam); Brown v. Barnhart, 390 F.3d 535, 540-41 (8th Cir. 2004)(citations omitted).; 20 C.F.R. § 416.930(b).

The Court finds that there is sufficient evidence to support the ALJ's credibility findings.

**V.    Conclusion:**

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's decision and accordingly, hereby affirms the ALJ's decision and dismisses Plaintiff's case with prejudice.

DATED this 27th day of December, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE